UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
KELLIVAN BOWLES,

                              Plaintiff,   **COMPLAINT AND DEMAND FOR JURY TRIAL**

                -against-

                                                  **Civil Action No.:**

THE CITY OF NEW YORK and P.O.s "JOHN DOE" #1-5
(said names being fictitious, as the true names are presently   **15-cv-4552**
unknown), Individually and in their Official Capacities,

                              Defendants.
-------------------------------------------------------------------------X

       Plaintiff, KELLIVAN BOWLES, by his attorney, AMY F. LIPP, ESQ., complaining of the defendants, respectfully states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to U.S.C. § 1983 and § 1988, for the wrongful acts of defendants, THE CITY OF NEW YORK, and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), as officers of the New York City Police Department, all acting under color of state of law and pursuant to their authority, in violation of plaintiff's rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, and the Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. At all times relevant hereto, plaintiff, a black american male, was a resident of Bronx County, New York.

7. At all times relevant hereto, defendant THE CITY OF NEW YORK (hereinafter "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

8. At all times relevant to this action, defendants P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), are and were police officers employed by the New York City Police Department (hereinafter "NYPD"), and acting under color of state of law.

9. At all times relevant hereto and in all their actions described herein, said defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the

scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants and/or employees of the NYPD.

## FACTS

11. On June 19, 2012, plaintiff, KELLIVAN BOWLES, was a passenger in a pickup truck (hereinafter the "Truck") which Alberto Ingram and Kenny Fisher were also occupants which had just picked up scrap metal which had been discarded on a public street.

12. That on said June 19, 2012, as the Truck was in the vicinity of Intervale Avenue and 165th Street in the County of Bronx, City and State of New York, the Truck was stopped by both uniformed and plainclothed members of the NYPD.

13. The Police Officers then directed plaintiff and the two (2) men with him to get out of the Truck and proceeded to handcuffed the three (3) and made to lie on the ground near the Truck.

14. Plaintiff demanded to know why he was being stopped but at the time the officers could or would not tell him.

15. Nevertheless, the police officers unlawfully and without probable cause placed plaintiff and his two (2) companions under arrest.

16. The police officers then handcuffed plaintiff and his two (2) companions and transported them to the 42nd Precinct of the NYPD.

17. Plaintiff was charged with Burglary in the Third Degree, P.L. 140.20; Criminal Possession of Stolen Property in the Fourth Degree, P.L. 165.45(1); Criminal Possession of Stolen Property in the

Fifth Degree, P.L. 165.40; Criminal Mischief in the Fourth Degree, P.L. 145.00(1); and Trespass, P.L. 140.05.

18. On or about June 20, 2012, plaintiff was arraigned in Criminal Court, Bronx County and was released on his own recognizance.

19. Thereafter, plaintiff was required to make multiple court appearances in connection with the charges made against him.

20. On or about June 3, 2014, notwithstanding the defendants' unlawful conduct, all charges against plaintiff were dismissed by the Court pursuant to CPL § 160.60 and sealed.

21. Prior to his release, plaintiff spent more than one (1) day in custody.

## FIRST CLAIM FOR RELEIF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS

22. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 21 with the same force and effect as if fully set forth herein.

23. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under color of state law.

24. All of the aforementioned acts deprived plaintiff, KELLIVAN BOWLES, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

25. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedure and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

27. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

28. By these actions, these defendants have deprived plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the defendants are individually liable.

## SECOND CLAIM FOR RELEIF: FALSE ARREST UNDER 42 U.S.C. § 1983

29. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 28 with the same force and effect as if fully set forth herein.

30. As a result of defendants' aforementioned conduct, plaintiff, KELLIVAN BOWLES, was subject to an illegal, improper and false arrest by the defendant and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

31. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing, and other physical restraints, without probable cause.

32. As a result of his false arrest, plaintiff was subjected to humiliation, ridicule and disgrace. Plaintiff was discredited in the minds of many members of the community.

## THIRD CLAIM FOR RELEIF:
## <u>MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983</u>

33. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 32 with the same force and effect as if fully set forth herein.

34. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

35. Defendants lacked probable cause to initiate proceedings against plaintiff. Defendants acted with malice in initiating criminal proceedings against plaintiff.

36. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

37. Defendants lacked probable cause to continue criminal proceedings against plaintiff.

38. Defendants acted with malice in continuing criminal proceedings against plaintiff.

39. The criminal proceedings were terminated in favor of plaintiff on or about June 3, 2014, when the damages the charges against him were dismissed and sealed.

## FOURTH CLAIM FOR RELEIF:
## <u>MINICIPAL LIABILITY</u>

40. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 41 with the same force and effect as if fully set forth herein.

41. Defendants, P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), arrested plaintiff, KELLIVAN BOWLES, despite a complete lack of evidence against him, notwithstanding their knowledge that said arrest would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

42. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

43. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

44. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

45. The foregoing customs, policies, usages practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, KELLIVAN BOWLES.

46. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were direct and proximate cause of the constitutional violation suffered by plaintiff, KELLIVAN BOWLES, as alleged herein.

47. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by plaintiff, KELLIVAN BOWLES, as alleged herein.

48. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff, KELLIVAN BOWLES.

49.  Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

50.  Defendant, NYC, as municipal policymaker in the training and supervision of defendant police officers, has pursued a policy and custom of deliberate indifference to the rights of persons in its domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from depravation of Liberty without Due Process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

51.  All of the foregoing acts by defendants deprived plaintiff, KELLIVAN BOWLES, of federally protected rights, including, but not limited to, the right:

   a. Not to be deprived of liberty without due process of law;

   b. To be free from seizure and arrest not based upon probable cause;

   c. To be free from unlawful imprisonment;

   d. To be free from unwarranted and malicious criminal prosecution;

   e. Not to have cruel and unusual punishment imposed upon him; and

   f. To receive equal protection under the law.

## PRAYER FOR RELEIF

**WHEREFORE**, plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

1) Special and compensatory damages in the amount of ONE MILLION DOLLARS ($1,000,000.00).

2) Punitive damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00)

3) Reasonable attorney's fees and costs; and

4) Such other and further relief as this Court seems just and proper.

Dated: New York, New York
       June 11, 2015

*[signature]*
Amy F. Lipp, Esq. (AL1916)
*Attorneys for Plaintiff*
20 Vesey Street, Suite 1200
New York, New York 10007
(212) 385-1772
APosner16@gmail.com.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                Civil Action No.: <u>15-cv-4552</u>

KELLIVAN BOWLES,

Plaintiff,

-against-

THE CITY OF NEW YORK and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), Individually and in their Official Capacities,

Defendants.

**SUMMONS, COMPLAINT and DEMAND FOR JURY TRIAL**

# AMY F. LIPP, ESQ.
ATTORNEYS AT LAW
Attorney for Plaintiff
20 VESEY STREET, SUITE 1200
NEW YORK, NEW YORK 10007
TEL.: (212) 385-1772
FAX: (212) 385-2061
APOSNER16@GMAIL.COM

**To:**                                            **Signature (22 NYCRR § 130-1.1-a)**

                                                    _____
                                                    **Name:**


                                                    Service of a copy of the within is hereby admitted

**Attorney(s) for**                                 **Dated:** _____

**PLEASE TAKE NOTICE:**

☐ <u>NOTICE OF ENTRY:</u>

that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on

☐ <u>NOTICE OF SETTLEMENT</u>

that an order                                                    of which the within is a true copy
will be presented for settlement to the HON.                     one of the judges of the
within the named Court, at
on                                    at              M.

Dated,
                                                    Yours, etc.